IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| KIMBERLY HOUSTON, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:21-cv-02393-SHM-cgc |
| MEMPHIS LIGHT GAS AND WATER DIVISION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO QUASH**

Before the Court is Plaintiff's Motion to Quash Defendant's Subpoena, filed December 5, 2024. (ECF No. 332.) Plaintiff's Motion is GRANTED.

**I.   Background**

This case is scheduled to proceed to trial on December 9, 2024. On November 30, 2024, Defendant Memphis Light Gas and Water Division ("MLGW") served a subpoena on Plaintiff, purportedly under Federal Rule of Civil Procedure 45, seeking copies of any settlement documents between Plaintiff and dismissed former defendants IBEW Local 1288, IBEW, and Rick Thompson's Estate, as well as "complete copies of all text messages between Kimberly Houston and Rick Thompson from January 1, 2020 through December 31, 2020." (See ECF No. 333.)

**II. Law**

A subpoena seeking documents under Federal Rule of Civil Procedure 45 is a "discovery device subject to the same deadlines as other forms of discovery set forth in the court's scheduling order." Fabery v. Mid-South Ob-Gyn, PLLC, 2000 WL 35641544 (W.D. Tenn. May 15, 2008). "The decision to quash a pre-trial subpoena *duces tecum* 'must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns on factual issues.'" Buhrmaster v. Overnite Transp. Co., 61 F.3d 461, 464 (quoting Ghandi v. Police Dep't of Detroit, 747 F.2d 338, 354 (6th Cir. 1984)). When a party uses a subpoena *duces tecum* to "reopen discovery on the eve of trial" after that party has had adequate opportunity to seek the evidence through the normal discovery process, courts will quash the subpoena. See id.

**III. Analysis**

This is, at least, the third time this Court has been called to resolve a dispute about the production of alleged settlement documents.

Discovery in this case closed on April 24, 2023. (ECF No. 166.) In March 2024, Defendant MLGW sought a reversal of the Magistrate Judge's Order denying Defendant's motion to compel settlement documents and an order reopening discovery to seek the same alleged settlement documents. (See ECF Nos. 286, 287.) The Court denied both motions, finding that the Magistrate Judge had

2

not clearly erred in deciding, inter alia, that there was not good cause to reopen discovery a year after it had closed. (See ECF Nos. 294, 299.) The settlement documents and text messages sought by Defendant are untimely discovery requests.

Defendant cannot now violate the Scheduling Order and avoid the Court's prior rulings on this issue. See Buhrmaster, 61 F.3d at 464; Ghandi, 747 F.2d at 354. Defendant needed a Court order to reopen discovery and issue this subpoena, which Defendant did not have.

**IV.   Conclusion**

Discovery is over. Trial will begin in a few days. Plaintiff's Motion to Quash is GRANTED. Defendant's subpoena, served on Plaintiff Kimberly Houston on November 30, 2024, is QUASHED.

SO ORDERED this *6th* day of December, 2024.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

3